UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYRIL FRITCH,** | 1:05-CR-00330-LJO-01 |
| Petitioner, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO MODIFY AND/OR AMEND SPECIAL CONDITIONS OF SUPERVISED RELEASE (DOC. 71).** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Cyril Fritch ("Petitioner"), a prisoner in federal custody, filed a request pursuant to 18 U.S.C. § 3583(e) to modify and/or amend a special condition of supervised release designated to be imposed upon him when he is released from custody. Doc. 71. Specifically, Petitioner challenges special condition #3,[1] which provides:

> 3. The defendant shall not possess or use a computer or any other device that has access to any "on-line computer service." This includes any Internet service provider, bulletin board system, or any other public or private computer network.

Doc. 69 (Judgment and Commitment). Petitioner argues that imposition of this condition will make it essentially impossible for him to find gainful employment and/or perform other certain important activities that can only be accomplished utilizing the Internet.

A district court has broad discretion to impose or modify conditions of supervised release. *United States v. Bahe*, 201 F.3d 1124, 1134 (9th Cir. 2000). Provisions similar to the one challenged here have been modified to permit a Probation Officer to make exceptions thereto. *See United States v.*

---

[1] Petitioner's motion mis-identifies the challenged special condition as "#4," but it is clear from the content of his motion that he intends to challenge special condition #3. The actual special condition #4 concerns defendant's contact with children under the age of 18, a subject that is not mentioned in his motion.

1

*Shipley*, 825 F. Supp. 2d 984, 990 (S.D. Iowa 2011) (modifying outright internet prohibition to permit access with prior approval of Probation Officer, subject to certain conditions). However, generally, challenges to conditions of release are premature if they are brought prior to the implementation of the condition in question. *See Aitken v. United States*, No. CV 13-3631 R MRW, 2013 WL 4666333, at *3 (C.D. Cal. Aug. 30, 2013) (denying motion to modify condition of release filed while petitioner still in custody). In the present case, the Probation Department has informed the Court that petitioner is currently scheduled for release at the end of March 2016. Accordingly, the petition is premature at this time. Among other things, at this early date the Court is unable to assess the nature of Plaintiff's need to access the Internet during his term of supervision, so is unable to accurately predict the type of conditions that may be necessary. The Court will entertain a stipulated modification of this condition filed at a later date, or, if necessary, a renewed motion to amend/modify the condition.

IT IS SO ORDERED.

Dated:   **November 7, 2014**             /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE